# IN THE SUPREME COURT, STATE OF WYOMING

# 2015 WY 26

### OCTOBER TERM, A.D. 2014

### February 25, 2015

MONTANA FOOD, LLC, a Wyoming
limited liability company,

Appellant
(Defendant),

v.

MILAN TODOSIJEVIC,

Appellee
(Plaintiff).

S-14-0150

*Appeal from the District Court of Laramie County*
The Honorable Steven K. Sharpe, Judge

*Representing Appellant:*
Matthew D. Kaufman and Marianne K. Shanor of Hathaway & Kunz, P.C., Cheyenne, Wyoming. Argument by Mr. Kaufman.

*Representing Appellee:*
James R. Salisbury and Anthony M. Reyes of Riske & Salisbury, P.C., Cheyenne, Wyoming. Argument by Mr. Salisbury.

*Before BURKE, C.J., and HILL, KITE and FOX, JJ., and DAY, D.J.*

---

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Justice.**

[¶1]  Milan Todosijevic and Daniel Vukov each owned a 50% interest in Montana Food, LLC (the LLC).  Believing that he had made significantly greater capital contributions to the LLC over time than Mr. Todosijevic, Mr. Vukov adjusted the ownership interests to reflect a 99.7% interest in him and a .28% interest in Mr. Todosijevic.  Mr. Todosijevic filed an action against Mr. Vukov and the LLC claiming, among other things, that Mr. Vukov did not have the authority to adjust the members' ownership interests.[1]  The LLC sought summary judgment as to all of Mr. Todosijevic's claims.  Mr. Todosijevic filed a cross motion for summary judgment seeking a ruling that as a matter of law Mr. Vukov did not have the authority to adjust the ownership interests.  The district court agreed and granted Mr. Todosijevic's motion.  The LLC appealed, claiming the district court erred in ruling that as a matter of law Mr. Vukov had no authority to adjust membership interests. We find no error and affirm.

## ISSUE

[¶2]  The LLC states the issue for our determination as follows:

> Did the district court improperly find Montana Food, LLC did not have the authority to adjust the membership interests of its members to reflect capital contributions?

## FACTS

[¶3]  The LLC is a limited liability company organized under the laws of the State of Wyoming and listing its principal place of business in Laramie County, Wyoming.[2] During 2010, Mr. Todosijevic and Mr. Vukov, who are residents of Belgrade, Serbia, each held a 50% membership interest in the LLC.[3]  The LLC organized several

---

[1]  Mr. Todosijevic also sought an order requiring the LLC to provide access to company records, judicially dissolving the LLC, appointing a custodian and receiver pending dissolution and enjoining Mr. Vukov from selling or transferring LLC assets.  The district court granted summary judgment for the LLC on these claims.  No appeal was taken from the order as to these claims.  The one remaining matter left for trial was Mr. Todosijevic's claim that Mr. Vukov breached the implied covenant of good faith and fair dealing.  On Mr. Todosijevic's motion, the district court dismissed the claim.

[2]  The district court noted in its decision letter that Montana Food, LLC does not conduct business in Montana or deal in food.  The LLC also has no connection with Wyoming other than the fact that it was organized under Wyoming law, it filed its articles of organization with the Wyoming Secretary of State and it has a registered agent in Wyoming.

[3]  Mr. Todosijevic stated in an affidavit that he organized the LLC in 2007 and owned 100% of the company until 2010 when he transferred a 50% ownership interest to Mr. Vukov.  Documentation

1

subsidiaries in Belgrade, including Delbin Investments, MD, LTD (Delbin). The LLC and its subsidiaries invested in buildings located in Belgrade with an eye toward developing them.

[¶4] The LLC's articles of organization provided that the LLC was manager-managed and named Maksim Stajcer, who was not a member of the LLC, as the manager. The articles of organization also provided that after the initial capital contribution of $10,000, "[a]dditional contributions shall be made at such times and in such amounts as may be agreed upon by the Members as provided in the Operating Agreement." In late 2010, Mr. Vukov became concerned that he was the only member making additional contributions. He retained counsel in Serbia to investigate. The investigation apparently showed that Mr. Vukov had contributed 1,260,600 Euros while Mr. Todosijevic had made no additional contributions. Mr. Vukov issued a notice of meeting indicating that he wished to address the issue of capital contributions by the members as provided in the articles of organization and propose that any member who did not contribute to the LLC's capital would be subject to a reduction of his ownership interest. Mr. Todosijevic claimed he did not receive the notice. In any event, he did not attend. At the meeting, Mr. Vukov adopted and approved resolutions showing his capital contribution of 1,260,600 Euros, increasing his ownership interest to 99.72% and reducing Mr. Todosijevic's interest to 0.28%. Thereafter, Mr. Vukov amended the articles of organization by naming himself and his wife as the new managers of the LLC.

[¶5] In late 2011, Mr. Todosijevic filed his complaint against the LLC and Mr. Vukov. Of the six causes of action contained in the complaint, this appeal concerns only Mr. Todosijevic's claim that Mr. Vukov improperly adjusted the members' ownership interests. The LLC filed a motion for summary judgment claiming there were no genuine issues of material fact as to any of Mr. Todosijevic's claims, including the claim that Mr. Vukov lacked the authority to adjust the members' ownership interests. The LLC asserted that after the initial $10,000 contribution the members were to make additional capital contributions. The LLC claimed that although Mr. Todosijevic represented that he was contributing additional funds, in fact only Mr. Vukov was making capital contributions. Upon learning that Mr. Todosijevic had made no contributions beyond the initial capital contribution, the LLC asserted Mr. Vukov properly gave Mr. Todosijevic notice of a meeting and his proposal to adjust the capital account and ownership percentages to reflect the reality of the amounts each member had contributed. When Mr. Todosijevic did not respond, the LLC asserted Mr. Vukov appropriately proceeded to execute a company resolution adjusting the capital account ownership percentages to reflect the members' actual contributions. The LLC asserted the claims against Mr. Vukov should be dismissed as a matter of law because under applicable Wyoming law, absent an agreement to the contrary, the management and return of profit in an LLC is

_____

attached to Mr. Vukov's affidavit indicates he was a 50% owner on the date the LLC was organized. In any event, there is no dispute that by 2010 each party owned 50% of the LLC.

2

determined by the members' respective capital contributions. The LLC contended that once it was established that Mr. Vukov had made additional contributions and Mr. Todosijevic had not, Mr. Vukov was justified as a matter of law in taking action to adjust the members' capital accounts.

[¶6] Mr. Todosijevic asserted the LLC was not entitled to summary judgment because Mr. Vukov was without authority to unilaterally dilute Mr. Todosijevic's ownership interest. He asserted that the consent of all members was required to change the members' ownership interests. He contended he was entitled to judgment as a matter of law on that issue.

[¶7] The district court found as a matter of law that Mr. Vukov, as an individual member, did not have contractual or statutory authority to adjust member ownership interests. In reaching that result, the district court looked first to the LLC's articles of organization and operating agreement. Finding that neither of those documents addressed the question of whether a member had the authority to adjust ownership interests, the district court turned to the Wyoming Limited Liability Company Act, Wyo. Stat. Ann. §§ 17-29-101 through 1105 LexisNexis 2011). It focused on § 17-29-407(c), which addresses management of LLCs and provides in relevant part:

> (c) In a manager-managed limited liability company, unless the articles of organization or the operating agreement provide otherwise, the following rules apply:
> (i) Except as otherwise expressly provided in this chapter, any matter relating to the activities of the company is decided exclusively by the managers;
> (ii) Each manager has equal rights in the management and conduct of the activities of the company;
> (iii) A difference arising among managers as to a matter in the ordinary course of the activities of the company may be decided by a majority of the managers;
> (iv) The consent of all members is required to:
> (A) Sell, lease, exchange or otherwise dispose of all, or substantially all, of the company's property, with or without the good will, outside the ordinary course of the company's activities;
> (B) Approve a merger, conversion, continuance, transfer or domestication under article 10 of this chapter;
> (C) Undertake any other act outside the ordinary course of the company's activities; and
> (D) Amend the operating agreement.

(Emphasis added.)

[¶8]   Finding that the articles of organization and the operating agreement clearly provided that the LLC is manager-managed, the district court concluded this subsection applied.  Because the underlined language makes it clear that consent of all members is required to undertake any act outside the ordinary course of the LLC's activities, the district court concluded as a matter of law that Mr. Vukov did not have the statutory authority to change member ownership interests without the consent of Mr. Todosijevic.  Implicit in the district court's holding is the finding that changing member ownership interests is an act outside the ordinary course of the LLC's activities.  On this basis, the district court denied the LLC's motion for summary judgment on the issue of Mr. Vukov's authority to adjust ownership interests and granted Mr. Todosijevic's motion on that issue.

[¶9] The district court also concluded genuine issues of material fact existed on the claim against Mr. Vukov for breach of the implied covenant of good faith and fair dealing, and denied the LLC's motion as to that claim.  Thereafter, Mr. Todosijevic filed a motion to dismiss the claim on the ground that it was not fiscally practicable to pursue it to trial.  The district court granted the motion and dismissed the claim.  The LLC appealed asserting that the district court's conclusion on summary judgment that Mr. Vukov had no authority to adjust the membership interests was incorrect.

**STANDARD OF REVIEW**

[¶10]  The LLC appeals the district court's ruling on summary judgment that as a matter of law there was no contractual or statutory authority to support the actions taken to adjust the membership interests.  Motions for summary judgment are made pursuant to Rule 56(c) of the Wyoming Rules of Civil Procedure, which requires that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The standards we apply on review of a district court order granting summary judgment are well established:

> We review a summary judgment in the same light as the district court, using the same materials and following the same standards.  We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record.  A material fact is one which,

4

if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. We review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling.

*Miner v. Jesse & Grace, LLC*, 2014 WY 17, ¶ 16, 317 P.3d 1124, 1131 (Wyo. 2014), quoting *Lindsey v. Harriet*, 2011 WY 80, ¶ 18, 255 P.3d 873, 880 (Wyo. 2011) (internal citations omitted).

## DISCUSSION

[¶11] The LLC contends the district court erred in concluding Mr. Vukov, on behalf of the LLC, did not have the authority to adjust its members' ownership interests to reflect their respective capital contributions. The LLC asserts that although it was technically a manager-managed LLC, it had no active manager. Therefore, the members managed the LLC in proportion to their ownership interests. Because it was member-managed the LLC contends the district court erred in applying § 17-29-407(c) of the 2010 LLC Act. The LLC points out that under § 17-29-1103 several provisions of the old LLC Act (§§ 17-15-101 through -147) continued to apply, including the management provisions contained in former § 17-15-116, the division of profits provisions contained in former § 17-15-119 and the distribution of assets upon dissolution provisions contained in former § 17-15-126. The LLC contends these provisions suggest that management of a member-managed LLC is proportionate to each member's capital contribution. Applying these provisions, the LLC asserts Mr. Vukov, as a member of a de facto member-managed LLC, had the authority to adjust ownership interests to reflect actual capital contributions.

[¶12] Mr. Todosijevic responds that the district court correctly held that Mr. Vukov did not have contractual or statutory authority to adjust the members' ownership interests. Mr. Todosijevic points out that the LLC conceded it was manager-managed in district court. He contends the issue of whether a manager actively managed the LLC is not relevant under Wyoming law and the district court properly applied the applicable law in reaching the conclusion that Mr. Vukov's actions were improper.

[¶13] Our review of statutory provisions is governed by the following standards:

The paramount consideration is to determine the legislature's intent, which must be ascertained initially and primarily from the words used in the statute. We look first to the plain and

5

ordinary meaning of the words to determine if the statute is ambiguous. A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

*Kennedy Oil v. Dep't of Revenue,* 2008 WY 154, ¶ 10, 205 P.3d 999, 1003 (Wyo. 2008), quoting *RME Petroleum Co. v. Dep't of Revenue*, 2007 WY 16, ¶ 25, 150 P.3d 673, 683 (Wyo. 2007) (citation omitted). Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Id*.

[¶14] The narrow issue before us is whether Mr. Vukov on behalf of the LLC had the contractual or statutory authority to adjust the members' capital contributions. In deciding that issue, we must determine whether provisions of Wyoming's current LLC Act are controlling or whether provisions of the earlier Act apply. Section 17-29-1103 of the current Act provides:

> (a) Except as provided in subsection (b) of this section, this chapter applies to domestic limited liability companies in existence on July 1, 2010 that were organized under any general statute of this state providing for organization of limited liability companies.
> (b) For limited liability companies organized in Wyoming prior to the effective date of this chapter, the management provisions contained in former W.S. 17-15-116, the division of profits provisions contained in former W.S. 17-15-119, the distribution of assets upon dissolution provisions contained in former W.S. 17-15-126 and the stated term provisions contained in former W.S. 17-15-107(a)(ii) are continued for a period of four (4) years from the effective date of this chapter unless the limited liability company amends its articles of organization to provide otherwise.

(Emphasis added.)

[¶15] The effective date of the current Act was July 1, 2010. The LLC we are concerned with here was organized in June of 2007. Therefore, we look to the former provisions referenced in § 17-29-1103 for guidance. We begin with § 17-15-116:

**§ 17-15-116. Management.**

6

> Management of the limited liability company shall be vested in its members, which unless otherwise provided in the operating agreement, shall be in proportion to their contribution to the capital of the limited liability company, as adjusted from time to time to properly reflect any additional contributions or withdrawals by the members; **however, if provision is made for it in the articles of organization, management of the limited liability company may be vested in a manager** or managers who shall be elected by the members in the manner prescribed by the operating agreement of the limited liability company. If the articles of organization provide for the management of the limited liability company by a manager or manages, unless the operating agreement expressly dispenses with or substitutes for the requirement of annual elections, the manager or managers shall be elected annually by the members in the manner provided in the operating agreements. The manager or managers, or persons appointed by the manager or managers, shall also hold the offices and have the responsibilities accorded to them by the members and set out in the operating agreement of the limited liability company.

(Emphasis added.)

[¶16] In the present case, the articles of organization received by the Wyoming Secretary of State on June 1, 2007, provided as follows:

> IX: Management:
>
> The Company is to be managed by a manager. The name and address of the manager who is to serve as manager until the first annual meeting of Members or until its successor or successors is or are elected and qualify, and who shall have authority to act and bind the Company upon his individual signature, is:
>
> Maksim Stajcer, CPA S.A.
> 76 Dean Street
> Belize City
> Belize, C. America

[¶17] The LLC operating agreement, also dated June 1, 2007, provided:

7

> 3.1 MANAGEMENT OF THE BUSINESS. The name and place of residence of each Manager is attached as Exhibit 1 of this Agreement. By a vote of Member(s) holding a majority of capital interests in the Company, as set forth in Exhibit 2 as amended from time to time, shall elect so many Managers as the Members determine, but no fewer than one.[4]

Exhibit 1 to the operating agreement stated that by a majority vote of the members, Maksim Stajcer was elected to serve as manager of the LLC until removed by a majority vote of the members or his voluntary resignation. There is no evidence in the record that Mr. Stajcer had been removed or voluntarily resigned prior to Mr. Vukov's unilateral amendment of the articles of organization in 2011. Pursuant to § 17-15-116, the articles of organization and the operating agreement, the LLC was manager-managed.

[¶18] The LLC maintains it was not, in fact, manager-managed and this Court should look beyond the dictates of the statute and the language of the LLC organizational documents to the realities of how the LLC was managed. The LLC contends there was no manager and by default it must be treated as member-managed. The LLC's argument ignores the express language of the statute clearly stating that an LLC is member-managed <u>unless</u> the articles of organization provide for management by a manager. It also ignores the express language of the articles of organization and operating agreement which both clearly provide for management by a manager. Nothing in the statutes allows this Court to ignore an LLC's designation of itself as manager-managed and conclude, despite express provisions to the contrary, that it is member-managed.

[¶19] The LLC points to this Court's decision in *Powell Family of Yakima, LLC v. Dunmire (In re Kite Ranch, LLC)*, 2010 WY 83, 234 P.3d 351 (Wyo. 2010) as support for its assertion that we must look beyond the articles of organization to other evidence showing the LLC was not manager-managed. In that case, we considered whether individuals listed as members could be considered members if they had not actually made the capital contributions stated in the articles of organization. We concluded they could based in part upon evidence that they were intended to be members, including

---

[4] The LLC asserted in its summary judgment motion that a formal operating agreement was never adopted. In response, Mr. Todosijevic produced what he claimed was the LLC's operating agreement executed on June 1, 2007. The LLC asserted Mr. Todosijevic had failed to properly disclose the agreement in discovery. The LLC also claimed never to have seen the agreement before. While noting the parties' respective positions concerning the operating agreement, the district court did not make an express finding as to its validity but did consider the agreement in making its ruling. Whether or not the operating agreement is valid, however, the articles of organization, about which there is no dispute, provide that the LLC is manager-managed.

communications with the bank anticipating they would be members, the articles of organization identifying them as members and an authorization and consent identifying them as members. *Id.*, ¶ 10, 234 P.3d at 356. Our conclusion was also based upon § 17-15-121(a)(i), stating that a member may or may not yet have made the capital contribution attributed to him in the articles of organization and is liable to the LLC for the difference between the contributions actually made and the amount stated in the articles of organization, and § 17-15-109(a), declaring that the issuance of the certificate of organization is "conclusive evidence that all conditions precedent required to be performed by the members have been complied with …"

[¶20] *Kite Ranch* did not address the question of whether the LLC was member-managed or manager-managed. There was no contention that it was manager-managed. The statutes addressing the two types of management were not at issue. The fact that the Court referenced evidence in addition to the articles of organization in the context of deciding whether members who had not made capital contributions could be considered members does not support ignoring the clear language found in the articles of organization, the operating agreement and the statute applicable in the present case. The legislature has said an LLC is member-managed <u>unless</u> it provides otherwise in its articles of organization. The LLC in this case provided otherwise in its articles of organization. The LLC points to no authority, and we have found none, authorizing this Court to overlook the statute and articles of organization and declare the LLC member-managed by default. This Court is "not free to legislate." *Kennedy Oil*, ¶ 21, 205 P.3d at 1006. Rather, "our task is limited to determining legislative intent where possible from the language used in the statute." *Id.*, ¶ 20, 205 P. 3d at 1005. If the legislature disagrees with our interpretation, it is free to amend the statutes.

[¶21] The next question for our determination is whether, in a manager-managed LLC, a member has the authority to adjust the members' ownership interests. Again, we begin by considering which version of Wyoming's LLC Act applies. Section 17-29-1103, set out in paragraph 14 above, states that four sections of the former Act applied at the time this action arose –

> the management provisions contained in former W.S. 17-15-116, the division of profits provisions contained in former W.S. 17-15-119, the distribution of assets upon dissolution provisions contained in former W.S. 17-15-126 and the stated term provisions contained in former W.S. 17-15-107(a)(ii).

None of those provisions address the authority of a member of a manager-managed LLC to adjust ownership interests. We, therefore, look to the new Act to resolve the issue.

[¶22] Section 17-29-407(c), quoted in paragraph 7 above, addresses LLC management. Subsection (c)(i) provides that in a manager-managed LLC, unless the articles of

organization or the operating agreement provide otherwise, any matter relating to the activities of the company is decided exclusively by the manager. Subsection (c)(iv)(C) further provides that the consent of all members is required to undertake any act outside the ordinary course of the company's activities. Pursuant to the plain language of subsection (c)(i), unless the articles of organization and operating agreement provide otherwise, Mr. Vukov, as a member of the LLC, did not have the authority to decide matters relating to company activities. Pursuant to subsection (c)(iv)(C), Mr. Vukov also had no authority to take action outside the ordinary course of the LLC's activities without Mr. Todosijevic's consent unless the organizational documents provide otherwise.

[¶23] The articles of organization at issue here provided that the manager "shall have the authority to act for and bind the Company upon his individual signature." The operating agreement further provided:

> 3.2 MEMBERS. The liability of the Members shall be limited as provided under the laws of the Wyoming Limited Liability Statutes. Members that are not Managers shall take no part whatever in the control, management, direction, or operation of the Company's affairs and shall have no power to bind the Company. …
> 3.3 POWERS OF MANAGERS. The Manager(s) is (are) authorized on the Company's behalf to make all decisions as to (a) the sale, development lease or other disposition of the Company's assets; (b) the purchase or other acquisition of other assets of kinds; (c) the management of all or any part of the Company's assets; (d) the borrowing of money and the granting of security interests in the Company's assets; (e) the prepayment, refinancing or extension of any loan affecting the Company's assets; (f) the compromise or release of any of the Company's claims or debts; and, (g) the employment and appointment of Executive manager(s), persons, firms or corporations for the operation and management of the company's business. In the exercise of their management powers, the Manager(s) are authorized to execute and deliver (a) all contracts, conveyances, assignments, leases, subleases, franchise agreements, licensing agreements, management contracts and maintenance contracts covering or affecting the Company's assets; (b) all checks drafts and other orders for the payment of the Company's funds; (c) all promissory notes, loans, security agreements and other similar documents; and (d) all other instruments of any other kind relating to the Company's affairs, whether like or unlike the foregoing.

Pursuant to these provisions, LLC members were not authorized to control, manage, direct or operate LLC affairs; rather, the manager was to control ordinary LLC operations. The manager was not authorized, however, to change members' ownership interests. Nothing in the articles of organization or operating agreement gave anyone the authority to change ownership interests. We conclude, as the district court did, that changing ownership interests was action outside the ordinary course of the LLC's activities. Applying the clear language of § 17-29-407(c)(iv)(C), the consent of all members was required. The district court correctly concluded Mr. Vukov did not have the statutory or contractual authority to unilaterally change the members' ownership interests.

[¶24] We recognize this result leaves the parties deadlocked. Because Mr. Todosijevic and Mr. Vukov are the only members of the LLC and they each own 50% of the company, neither of them can take action outside the company's ordinary activities without the other's consent. Pursuant to the operating agreement, only the manager has the authority to sell or transfer company assets and yet in reality, the LLC claims, there is no manager. The district court's ruling granting summary judgment for the LLC on Mr. Todosijevic's dissolution claim was not appealed, foreclosing that remedy. Under these circumstances, Mr. Todosijevic's only remedy if Mr. Vukov has illegally transferred LLC property is to bring a claim for monetary damages.

[¶25] The district court's ruling that Mr. Vukov had no authority to unilaterally adjust the members' ownership interests is affirmed.